UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MOHAMMAD MUKTADIR,

    Plaintiff,

-against-

BEVACCO INC., and PETER SCLAFANI, individually,

    Defendants.
----------------------------------------------------------------X

**CV 12-2184**

Index No.:

SUMMONS ISSUED

COMPLAINT

BLOCK, J.

Plaintiff Demands a Trial By Jury

REYES, M.J

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY - 3 2012 ★
BROOKLYN OFFICE

Plaintiff, by his attorneys, ARCÉ LAW GROUP, P.C., upon information and belief, complains of Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), 42 U.S.C. Section 1981, and to remedy violations of the Administrative Code of the City of New York, the laws of the State of New York and the New York Common Law based upon the supplemental jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by his employer on the basis of his race, national origin, religion, and sexual harassment, together with retaliation and failure to reasonably accommodate Plaintiff based on his religious beliefs.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about December 22, 2011, Plaintiff filed a charge with the Equal Employment Opportunities Commission ("EEOC.")

6. On or about March 30, 2012, Plaintiff received a Notice of Right to Sue letter from the EEOC.

7. This action is being brought within 90 days of said Notice of Right to Sue letter.

## PARTIES

8. Plaintiff is a Muslim male from Bangladesh who is a resident of the State of New York, County of Bronx.

9. At all times material, Defendant BEVACCO INC. (herein also referred to as "BEVACCO") was and is a domestic business corporation duly existing under the laws of the State of New York.

10. Defendant BEVACCO maintains its principal place of business in the State of New York.

11. Defendant BEVACCO is in the business of running a restaurant located at 60 Henry Street, State of New York, County of Kings.

12. At all times material, Defendant PETER SCLAFANI (herein also referred to as "SCLAFANI") was and is an employee of Defendant BEVACCO.

13. At all times material, Defendant SCLAFANI was and is an owner of Defendant BEVACCO.

14. At all times material, Defendant SCLAFANI was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

15. Defendant BEVACCO and Defendant SCLAFANI are also herein collectively referred to as "Defendants."

16. At all times material Plaintiff was an employee of Defendants.

## MATERIAL FACTS

17. In or around October 2011, Plaintiff began working for Defendants as a "Food Runner."

18. In or around November 2011, Plaintiff's co-worker, Eleuterio, hit Plaintiff on his penis on multiple occasions.

19. Each time Eleuterio hit Plaintiff's penis, Plaintiff told him to stop, however, the inappropriate touching continued.

20. Plaintiff complained to Antonio Moricini, the Chef, about Eleuterio's inappropriate touching.

21. Antonio Moricini failed to take appropriate measures to remedy the harassment and/or prevent future harassment.

22. Plaintiff also complained to Fabio, his manager, about Eleuterio's inappropriate touching.

23. Fabio also failed to take appropriate measures to remedy the harassment and/or prevent future harassment.

24. Finally, on or about November 18, 2011, Plaintiff complained in writing to Defendant SCLAFANI, specifically stating that Eleuterio was inappropriately touching him and that he had complained to Antonio Moricini and Fabio but that "they considered it was fun."

25. Following this complaint. Defendant SCLAFANI transferred Eleuterio to another restaurant and sarcastically said to Plaintiff, "Mohammad, are you happy now?" while winking at Eleuterio.

26. Immediately following Plaintiff's complaint to Defendant SCLAFANI and continuing until the present, in retaliation for his complaints, Plaintiff was and is discriminated against and harassed on a daily basis.

27. By way of example, Antonio Moricini called Plaintiff **"fucking Bangladeshi guy"** and **"jungle putana"** on a daily basis.

28. Whenever Antonio Moricini passed by Plaintiff he would sniff Plaintiff and say to other employees in front of Plaintiff, **"How will people be able to eat when they smell this guy?"**

29. In further retaliation for Plaintiff's complaint, on a daily basis, many employees in the kitchen called Plaintiff **"smelly bum from the jungle" and would make a belching noise whenever Plaintiff walked past them.**

30. In further retaliation for Plaintiff's complaint, Loris Pignoletti, another one of Plaintiff's managers, on a weekly basis, called Plaintiff **"smelly Bangladeshi bum,"** approached Plaintiff, sniffed him and asked other employees while standing in front of Plaintiff, **"Does he take a shower?"**

31. On many occasions when the employees were provided with an "employee meal," **Plaintiff asked that he not be given pork or something that is stored with the pork because it is against his religion.** In retaliation for Plaintiff's complaint, Plaintiff would purposely be given pork meals or other meats that were stored with the pork, making Plaintiff unable to eat his meal.

32. On a couple of occasions, Plaintiff asked Loris Pignoletti if he could fry an egg because he could crack it himself and see that it was not near pork. However Defendants denied Plaintiff's request to be reasonably accommodated due to his religious beliefs.

33. Defendants also denied Plaintiff's request to run outside to get something to eat that conformed with his religious beliefs during his meal time.

34. On or about November 29, 2011, Plaintiff complained again to Defendant SCLAFANI in a letter, specifically stating that after his original complaint regarding the inappropriate touching, that he has been retaliated against by Defendants' employees and Plaintiff's supervisors making "[his] work environment harder and harder everyday."

35. Defendant SCLAFANI did not respond to Plaintiff's letter.

36. Defendant SCLAFANI failed to take appropriate measures to remedy the harassment and retaliation and/or prevent future harassment and retaliation.

37. Defendants' employees continued to harass Plaintiff, relentlessly smelling Plaintiff and calling him **"smelly Bangladeshi bum"** and **"jungle putana."**

38. In or around the end December 2011, Plaintiff complained to Loris Pignoletti, his manager, that he was receiving less money from the tip pool than he is entitled.

39. On or about January 1, 2012, in retaliation for this complaint and Plaintiff's previous complaints, Defendants gave Plaintiff a "Notice of Disciplinary Action" stating that Plaintiff "repetitively accuses the management/colleagues of tips theft and incorrect calculation creating unnecessary disrupting within workflow of management."

40. Plaintiff refused to sign the warning letter because it was untrue.

41. Defendants wrote Plaintiff up to create a pretextual "paper trail" in order to terminate Plaintiff.

42. On or about January 6, 2012, Loris Pignoletti told Plaintiff that if he did not sign the warning letter that he might lose his job.

43. Plaintiff again refused to sign the warning letter because it was untrue.

44. That same night, after Plaintiff's shift was over, Loris Pignoletti distributed the tip pool, When Plaintiff received his money, he counted it in front of Loris Pignoletti and said that he was missing some money. Loris Pignoletti recounted Plaintiff's money and found that the money was indeed short.

45. On or about January 7, 2012, Plaintiff complained to Defendant SCLAFANI in a letter specifically stating that his write up was retaliation for complaining about the previous harassment and that Mr. Pignoletti had admitted that he gave Plaintiff less money than he was entitled.

46. Following this letter, Defendants' attorney emailed Plaintiff and said that his complaints are baseless because there was no harassment to begin with.

47. Defendant SCLAFANI failed to take appropriate measures to remedy the harassment and retaliation and/or prevent future harassment and retaliation.

48. In or around January 2012, in further retaliation for Plaintiff's complaints, Defendants changed Plaintiff's shift to the less busy shifts, thus causing Plaintiff to lose tip income.

49. On or about January 25, 2012, Plaintiff again complained to Defendant SCLAFANI in a letter, that he continued to be **"a victim of racial discrimination, hostile situation, harassment and retaliation"** and that he has been **"mentally tortured."**

50. Defendant SCLAFANI did not respond to this letter.

51. Defendant SCLAFANI failed to take appropriate measures to remedy the harassment and retaliation and/or prevent future harassment and retaliation.

52. Defendants' employees continued to harass Plaintiff on a daily basis calling him a **"smelly bum from the jungle"** and **"fucking Bangladeshi."**

53. On or about February 11, 2012, in retaliation for Plaintiff's complaints, Defendants gave Plaintiff another "Notice of Disciplinary Action" saying that he mocked and disrupted co-workers about another employee's mistake.

54. Plaintiff refused to sign this warning because it was also untrue.

55. Defendants wrote Plaintiff up to create a pretextual "paper trail" in order to terminate Plaintiff.

56. On or about February 13, 2012, Plaintiff again complained to Defendant SCLAFANI in a letter, the he was written up in retaliation for his complaints and that he is **"a victim of harassment, mentally tortured everyday and in a hostile situation at the work place created by management"** and that he **"developed a symptom of post traumatic stress disorder."**

57. Defendant SCLAFANI did not respond to this letter either.

58. Defendant SCLAFANI again failed to take appropriate measures to remedy the harassment and retaliation and/or prevent future harassment and retaliation.

59. Defendant would not have harassed Plaintiff but for his race.

60. Defendant would not have harassed Plaintiff but for his national origin

61. Defendant would not have harassed Plaintiff but for his religion.

62. Defendant would not have harassed Plaintiff but for his complaints to his supervisors about inappropriate touching by a co-worker.

63. Defendant would not have harassed Plaintiff but for his request for reasonable accommodation based on his religion.

64. Defendants' actions were and are intended to create a working environment that no reasonable person would tolerate.

65. Defendants' actions were and are intended to constructively discharge Plaintiff.

66. As a result of Defendant's actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

67. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, he suffered and continues to suffer severe emotional distress and physical ailments.

68. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

69. **Defendant SCLAFANI, as an owner of Defendant BEVACCO, is individually and personally liable to Plaintiff for discrimination under New York State Law.**

## AS A FIRST CAUSE OF ACTION
## UNDER TITLE VII
## DISCRIMINATION

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against

discrimination in employment based, in whole or in part, upon an employee's race, religion or national origin.

72. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his race, religion and national origin.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## RETALIATION

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

75. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## UNDER FEDERAL LAW
## 42 U.S.C. Section 1981

76. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

77. 42 U.S.C. Section 1981 states in relevant part as follows:

    (a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

78. Plaintiff, a member of the Asian race, was discriminated against because of his race as provided under 42 U.S.C. Section 1981 and has suffered damages as set forth herein.

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## **DISCRIMINATION**

79. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived . . . .race, [or] national origin [or] religion [or] gender . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

81. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his race, national origin, religious beliefs, and gender together with sexual harassment.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

82. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter..."

84. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to, attempting to constructively terminate Plaintiff's employment because he opposed Defendants' unlawful employment actions.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

85. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

86. New York Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this action.

87. Defendants violated the section cited herein as set forth.

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## SUPERVISOR LIABILTY

88. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

89. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

> (a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
>
> (b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
>
> (1) the employee or agent exercised managerial or supervisory responsibility; or
>
> (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
>
> (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

90. Defendants violated the section cited herein as set forth.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER STATE LAW
## <u>DISCRIMINATION</u>

91. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

92. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's . . . race [or] . . . national origin [or] religion, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

93. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race, national origin and religious beliefs.

94. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A NINTH CAUSE OF ACTION
## UNDER STATE LAW
## <u>AIDING AND ABETTING</u>

95. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

96. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

97. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### AS A TENTH CAUSE OF ACTION
### UNDER STATE LAW
### RETALIATION

98. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

99. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

100. Defendants violated this section cited herein as set forth.

### AS AN ELEVENTH CAUSE OF ACTION
### UNDER STATE LAW
### ASSAULT AND BATTERY

101. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

102. That the aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendants, their agents, servants and/or employees, suddenly and without provocation did physically assault and batter Plaintiff herein and did cause unwelcomed contact, causing the Plaintiff to sustain damages.

## AS A TWELFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

103.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

104.  Defendants engaged in extreme and outrageous conduct.

105.  Defendants intended to cause, or disregarded a substantial probability of causing, sever emotional distress to Plaintiff. There exists a causal connection between the above conduct and said injury.

106.  As a result of said conduct Plaintiff suffered and suffers from severe emotional distress.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by Title VII, 42 U.S.C. §1981, The New York City Administrative Code Title 8, §8-107 et. Seq, the New York Executive Law, and the New York Common Law; and that the Defendants harassed and discriminated against Plaintiff on the basis of his race, national origin, religion and sexual harassment, together with retaliation and failure to reasonably accommodate Plaintiff;

B. Declaring that Defendants assaulted and battered Plaintiff;

C. Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
April 13, 2012

                                            Arcé Law Group, P.C.
                                            Attorneys for Plaintiff

By: _____
      Adriane S. Eisen, Esq.
      30 Broad Street, 35th Floor
      New York, New York 10004
      (212) 587-0760